Arthur Gr. Kleiu, J.
This case was tried before me without a jury and both sides waived findings of fact and conclusions of law.
The plaintiff seeks to recover damages in the sum of $100,000 for an alleged breach of warranty in connection with the sale of miniature motors manufactured by the defendant and sold to the plaintiff. These motors, designed to be operated by flashlight batteries, were purchased by the plaintiff for use in toy phonographs which were being manufactured by it.
After conferences between the president of the plaintiff corporation and the defendant’s officers, the plaintiff on February 9, 1956, placed a written order for the manufacture of 2,500 motors as per samples submitted, at the agreed price of $1.30 each. Subsequently the amount was increased by written contract to 100,000 motors.
The plaintiff’s president, Frank, testified that the defendant promised to supply a motor which would turn the phonograph turntable at 78 revolutions per minute. The speed of the motor was apparently to be ascertained by the defendant and it was agreed that there was to be a tolerance of plus or minus 5% of the specific speed. A later written order superseding the one of February 9 was given by the plaintiff to the defendant on May 2, 1956.
The plaintiff takes the position that because a great number of the motors delivered to it by the defendant operated at speeds above or below the allowable tolerance and because the motors were excessively noisy, its customers rejected a great number of phonographs; so much so that the plaintiff was compelled to *863 discontinue manufacturing and has been damaged to the extent of at least $100,000.
Even if a finding were made that the motors did not conform to the specifications, I am not satisfied that such fact alone was the sole cause of the failure of the phonographs to operate properly.
There is evidence that at various times the plaintiff changed the pulleys as well as the tone arms and that it returned to its plastic manufacturer over 20,000 plastic turntables as defective. There is proof also that the plaintiff tested the motors and placed them in phonographs which it shipped to its customers.. It is impossible to determine from the testimony whether the motors in phonographs returned as unsatisfactory varied in speed from the motors in phonographs which were kept and paid for by plaintiff’s customers.
Moreover, the plaintiff failed to use the brand of batteries recommended by the defendant and substituted another brand of its own choosing. It is clear also that any battery of the type used would lose strength when the phonograph was operated and consequently the speed of the motor could be affected. In this connection the defendant had recommended to the plaintiff that the latter use a governor on the motor in order to stabilize the speed but the plaintiff refused to adopt the suggestion. The plaintiff likewise refused to accept the defendant’s suggestion that a different pulley be installed in the phonographs.
The plaintiff relies heavily on the case of Architector Co. v. Slomon (192 Misc. 319). That case is not decisive here because in that case the court, as the trier of the fact, found that there was a breach of the implied warranty of fitness for use, in that the adhesive substance purchased by the plaintiff was not useable and that the defect in the adhesive was the cause of the damage sustained by the plaintiff.
The plaintiff here has not established by a fair preponderance of the credible evidence that any breach of warranty by the defendant with reference to the motors furnished by it caused the phonographs to operate improperly.
Judgment in the action is accordingly awarded in favor of the defendant, dismissing the complaint on the merits on the facts and on the law.
The defendant is entitled to recover on its first counterclaim the sum of $18,033.84, with interest from December 16, 1956, and judgment in such amount is awarded in its favor. This counterclaim seeks the agreed price of motors delivered by the defendant and not returned by the plaintiff.
*864 On the second counterclaim the defendant’s recovery under the agreement is limited to the sum of $359.10, with interest from January 21, 1957, and judgment for said amount is awarded in its favor.
The plaintiff is awarded judgment on the third counterclaim, which is dismissed. The defendant has failed to adequately establish an agreement by the plaintiff to pay for the repairs or that the repairs were properly made.
The fourth counterclaim is dismissed and judgment is awarded on this counterclaim in favor of the plaintiff for failure of proof by the defendant of liability on the part of the plaintiff for the price of these motors. It does not appear that the motors covered by this counterclaim were ever manufactured and the defendant accordingly has not established damage.
The foregoing constitutes the decision required by section 440 of the Civil Practice Act.
All motions on which decision was reserved are denied. Each party is given a 30 days’ stay of execution and 60 days to make a case.